STOKES v. CARPENTER et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1915.)

VENDOR AND PURCHASER (§ 18*)—OPTION TO PURCHASE—ACCEPTANCE.
    Where defendants for a consideration gave plaintiff an option to purchase certain property at its exact cost to them, plus interest and taxes, there was no right of action thereon in favor of the plaintiff until acceptance of the offer by him, creating a contractual interest in the land, which a mere demand, without more, that he be informed of the cost of the property, did not do.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 23; Dec. Dig. § 18.*]

Appeal from Special Term, Westchester County.

Action by William E. D. Stokes against Orlando T. Carpenter and others. From an order overruling their demurrer to the complaint, defendants appeal. Reversed, and demurrer sustained.

See, also, 149 N. Y. Supp. 1113.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

James Dunne, of New York City, for appellants.
Mervyn Mackenzie, of New York City, for respondent.

THOMAS, J. Orlando T. Carpenter and Reece Carpenter executed and delivered to the plaintiff the following:

"New York, Sept. 13, 1909.

"In consideration of one dollar ($1), of which this is a receipt, and in view of past services, it is agreed for what you have done and for what you are

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

about to do in helping us, and in giving your time and attention in the matters of Kensico and the surrounding country, we hereby agree that you shall have the option of purchasing one-half of our interest in the property adjoining Kensico at just what it costs, with interest and taxes.

"Orlando T. Carpenter.
"Reece Carpenter.

"To W. E. D. Stokes,
    "Hotel Ansonia, New York City."

The plaintiff alleges that he has demanded the amount of the costs and expenses of the property and of the moneys received therefrom; that the defendants have neglected and refused to furnish it, and deny that the plaintiff has any right or interest in the premises. There is no allegation that the plaintiff has notified the defendants that he elects to exercise the option, or that he will exercise it upon receiving the information requested. On the other hand, he asks that upon ascertainment of the sum he may determine whether he will exercise the option, and that, if he so elects, the defendants thereupon convey to him upon his making proper payment. The instrument shows a consideration, and upon plaintiff's acceptance there would be mutuality and a binding agreement. Carney v. Pendleton, 139 App. Div. 152, 123 N. Y. Supp. 738; Fox v. Hawkins, 150 App. Div. 801, 135 N. Y. Supp. 245. Without such action on the part of the plaintiff, no contract arises. If the plaintiff be uninformed of the amount necessary to tender, he is not on that account excused from making himself a party to the contract. The refusal of the defendants to advise him of the net cost may be an excuse for not tendering it, but he has no interest in the land until he agrees to the terms of the offer and to perform on his part.

In the present action he is speculating. If it appear that the net cost of the property does not suit his purpose, he would continue unbound to purchase it. The condition precedent to the maintenance of the action is that there should be a contract between the parties. There can be none until plaintiff makes himself a party to it by notification that he avails himself of the option. The question of laches is not raised by the demurrer, as there may be facts unpleaded that would enter into the decision of that question.

The order should be reversed, with $10 costs and disbursements, and the demurrer sustained, with costs, with right to the plaintiff to plead over on payment of the same. All concur.